# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| PRINCE R. ELLIS | : CIVIL ACTION |
|---|---|
| v. | : NO. 19-2387 |
| THE SCHOOL DISTRICT OF PHILADELPHIA, DR. WILLIAM HITE, JOSEPH GREENBURG ELEMENTARY SCHOOL, GINA HUBBARD. | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                       **September 30, 2019**

A federal court may not progress towards resolving a dispute before the plaintiff serves the summons and complaint upon those who must answer the claims under the specific requirements of the Federal Rules of Civil Procedure. When a person sues without the benefit of a lawyer, we may liberally allow him time to complete this service when he demonstrates diligence. He cannot serve this process himself. He needs to serve the proper parties with both the summons and complaint. We today address two defendants' motion to dismiss because the *pro se* plaintiff did not serve compliant with the Federal Rules. At least two defendants are aware of the case, but we still must ensure proper service. In response to our show cause order, the *pro se* Plaintiff confirmed he now retained a process server and will effect service under the Federal Rules. In the accompanying Order, we grant the pending motion to dismiss from two of the defendants without prejudice to the *pro se* Plaintiff effecting service by October 25, 2019. Plaintiff must timely serve each defendant against whom he wishes to proceed, or we will dismiss an unserved defendant for failure to prosecute.

I. **Alleged facts**

The School District terminated Prince R. Ellis from a creative director role with a "craft and vision Project."[1] He claims it, along with the District's Superintendent, the elementary school where he presumably worked and the school's principal discriminated against him based on his race, age, gender, national origin, and religion beginning on August 30, 2016. He filed a claim with the Equal Employment Opportunity Commission in February 2017 and the EEOC issued a right to sue letter in April 2017. He filed a claim with the Pennsylvania Human Relations Commission in April 2017. On May 31, 2019, Prince R. Ellis sued the School District of Philadelphia, the School District's Superintendent Dr. William Hite, Joseph Greenburg Elementary School, and the Elementary School's Principal Gina Hubbard for employment discrimination under Title VII, the Americans with Disabilities Act, and the Pennsylvania Human Relations Act.[2] He seeks reinstatement, accommodations, and promotions.

Well over two years after the EEOC issued the right to sue letter, Mr. Ellis filed this case *pro se* on May 31, 2019. On June 14, 2019, Mr. Ellis sent summonses by certified mail to Superintendent Hite and Principal Hubbard, but the summonses returned unexecuted on July 12, 2019.[3]

On August 12, 2019, our Deputy Clerk sent Mr. Ellis a letter confirming, "service of the complaint has not been made on the defendants in the above-captioned action."[4] The letter informed Mr. Ellis "service must be made by September 5, 2019, in accordance with Rule 4(j) of the Federal Rules of Civil Procedure. Proof of service must be filed with the Clerk's Office within five days of service. If service is not made within the time set forth above, the court will dismiss the complaint without prejudice for lack of prosecution."[5]

2

The next day on August 13, 2019, Mr. Ellis personally served a summons on Lisa Nicas, the legal secretary of the School District's Office of General Counsel.[6] Mr. Ellis served Ms. Nicas with the summons but failed to provide the complaint or copies of the summons or complaint.[7] Ms. Nicas "was unaware that under the Federal Rule of Civil Procedure Plaintiff cannot serve his own summons."[8] Ms. Nicas accepted service on behalf of the School District only.[9] Mr. Ellis named himself as the process server on the summons served on Ms. Nicas.[10]

The same day, Mr. Ellis also went to the Elementary School to serve Principal Hubbard.[11] Mr. Ellis served Principal Hubbard with a summons but failed to attach the complaint.[12] Principal Hubbard did not sign for or accept the summons and returned the summons to Mr. Ellis.[13] Mr. Ellis named himself as the process server.[14]

The School District and Principal Hubbard moved to dismiss on September 3, 2019 for failure of service. As of September 5, 2019, Mr. Ellis had not attempted service of summons on either Superintendent Hite or the Elementary School. On September 11, 2019, we issued an order directing Mr. Ellis to show cause why we should not dismiss Superintendent Hite and the Elementary School for failure to prosecute.[15] Two days later on September 13, 2019, Mr. Ellis filed a Praecipe to issue alias summons for all Defendants where he acknowledged the insufficiency of his previous service attempts on the School District and Principal Hubbard and stated his plan to now use a process server to effect proper service.[16]

## II.   Analysis

The School District and Principal Hubbard move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5) because of Mr. Ellis' insufficient service of process. We agree with them but deny the motion without prejudice given Mr. Ellis has now assured us he is serving process under the Federal Rules. If he does not do so by October 25, 2019, we will dismiss.

3

### A. Mr. Ellis failed to serve the School District and Principal Hubbard under Federal Rule of Civil Procedure 4(c).

The School District and Principal Hubbard argues Mr. Ellis' attempted service is ineffective. He essentially agrees and obtained alias summons to properly serve the summons and complaint upon all defendants.

The procedural requirement of service of summons must be satisfied before a court can exercise personal jurisdiction over a defendant.[17] If a plaintiff fails to properly serve the defendants, no personal jurisdiction exists, "and the case may not proceed against them."[18] "Where service is not proper, [a District Court] has broad discretion to dismiss the case or retain the case but quash service. When there is a 'reasonable prospect' . . . service may be obtained, dismissal of the complaint is "inappropriate.""[19] Federal Rule of Civil Procedure 4 governs service of process. The Rule reads in relevant part:

> "(c) *Service*.
>
> (1) *In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> (2) *By Whom.* Any person who is at least 18 years old and not a party may serve a summons and complaint."[20]

"Courts liberally construe the pleadings and the complaints of *pro se* plaintiffs and grant *pro se* litigants some degree of leniency."[21] However, "*pro se* plaintiffs must still comply with the same rules of procedure and the substantive law required by counseled parties."[22]

In both instances, Mr. Ellis did not make valid service. First, in Mr. Ellis' attempted service on the School District and Principal Hubbard, he provided only the summons and failed to provide a copy of the complaint.[23] Failure to provide a copy of the complaint upon service of the summons violates Rule 4(c)(1). Second, Mr. Ellis' attempted service on the School District and Principal

4

Hubbard also fails because he served both personally.[24] Rule 4(c)(2) plainly requires service be made by an adult who is not a party to the litigation.

As Judge Leeson instructs, dismissal of the complaint is inappropriate when there exists a reasonable prospect service will be obtained.[25] While Mr. Ellis has struggled to effect proper service so far, we appreciate his responsiveness to our August 12, 2019 letter and September 11, 2019 show cause order. We also acknowledge Mr. Ellis' *pro se* status and understand a degree of leniency is appropriate in his compliance with the Federal Rules of Civil Procedure. Moving forward, Mr. Ellis also plans to use a process server in order to comply with Rule 4(c)(2). We conclude a reasonable prospect service will be obtained exists. The School District's and Principal Hubbard's motion to dismiss for insufficient service of process is denied. Mr. Ellis is directed to effect service in compliance with the Federal Rules of Civil Procedure by October 25, 2019. This will be Mr. Ellis' final opportunity to make service.

### B. Mr. Ellis failed to serve Superintendent Hite and the Elementary School within the time period permitted by Federal Rule of Civil Procedure 4(m).

The docket confirms Mr. Ellis has yet to serve Superintendent Hite and the Elementary School. Absent service, he may not proceed.

Federal Rule of Civil Procedure 4(m) requires the plaintiff effect process service within ninety days of filing a complaint.[26] Rule 4(m) reads in relevant part:

> "*Time Limit for Service.* If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[27]

Our Court of Appeals created a two-step inquiry to determine whether granting an extension of time is proper. "First, the court must determine whether good cause exists for the failure to have

5

effected service in a timely manner. If so, the extension must be granted. [If not,] the court still may grant the extension in the sound exercise of its discretion."[28] In determining whether good cause exists, three factors are considered: "(1) the reasonableness of plaintiff's efforts to serve; (2) whether the defendant is prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time to serve."[29]

Good cause exists despite Mr. Ellis' failure to serve Superintendent Hite and the Elementary School so far. On June 14, 2019, Mr. Ellis sent summonses by certified mail to Principal Hubbard and Superintendent Hite. The summonses returned unexecuted on July 12, 2019.[30] It also appears the unexecuted summons for Superintendent Hite may have also been intended by Mr. Ellis for the School District. Mr. Ellis is responsive when we direct him to act, evidenced by him attempting service on the School District and Principal Hubbard the day after our August 12, 2019 letter and his Praecipe to Issue Alias Summons two days after our September 11, 2019 show cause order.

These factors weigh in favor of finding good cause. As Mr. Ellis proceeds *pro se*, we grant some leniency in the timing of his service. Mr. Ellis has not moved for an enlargement of time to serve, but his prompt response to our directions confirms his interest in prosecuting his case.

### III. Conclusion

We grant the School District's and Principal Hubbard's Motion to dismiss in the accompanying Order but allow Mr. Ellis to properly serve the summons and complaint. Federal Rules of Civil Procedure 4(c) and 4(m) are clear. Mr. Ellis must serve each defendant with its own a summons and copy of the complaint. Service must be made by an adult individual who is not a party to the litigation. Mr. Ellis is directed to effect service in compliance with the Federal Rules of Civil Procedure by October 25, 2019.

6

---

[1] ECF Doc. No. 1, caption.

[2] *Id.* at p. 1.

[3] ECF Doc. No. 8 at pp. 1-5.

[4] ECF Doc. No. 10 at p. 1.

[5] *Id.*

[6] ECF Doc. No. 11 at p. 1; *see also* ECF Doc. 12-1 at p. 1-2.

[7] ECF Doc. No. 12-1 at p. 2.

[8] *Id.* at p. 3.

[9] *Id.* at p. 1-2.

[10] ECF Doc. No. 11 at p. 1.

[11] ECF Doc. No. 12-2 at p. 2.

[12] *Id.*

[13] *Id.*

[14] ECF Doc. No. 11 at p. 2.

[15] ECF Doc. No. 13 at p. 1.

[16] ECF Doc. No. 14 at p. 1.

[17] *Omni Capital International v. Rudolf Wolff & Company, Ltd.*, 484 U.S. 97, 104 (1987).

[18] *Muhammad v. Pennsylvania Department of Education*, No. 18-2647, 2019 WL 1552567, at *3 (E.D. Pa. Apr. 10, 2019) (citing *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991)).

[19] *Muhammad*, 2019 WL 1552567, at *3. (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).

[20] FED. R. CIV. P. 4(c).

[21] *Muhammad*, 2019 WL 1552567, at *3 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

[22] *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

[23] ECF Doc. 12-1 at p. 2; ECF Doc. No. 12-2 at p. 2.

[24] ECF Doc. 11 at p. 1; ECF Doc. 11 at p. 2.

[25] *Muhammad*, 2019 WL 1552567, at *4.

[26] FED. R. CIV. P. 4(m).

[27] *Id.*

[28] *McCurdy v. American Board of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998); *see also Muhammad*, 2019 WL 1552567, at *4; *Robinson v. Philip Morris USA, Inc.*, No. 18-1743, 2019 WL 1787637, at *6 (E.D. Pa. Apr. 23, 2019).

[29] *Muhammad*, 2019 WL 1552567, at *5; *see also Bailey v. Harleysville National Bank and Trust Company*, No. 04-cv-1541, 2005 WL 174843, at *1 (E.D. Pa. Jan. 26, 2005).

[30] ECF Doc. No. 8 at p. 1-5.