IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| PRINCE R. ELLIS | : CIVIL ACTION |
|---|---|
| v. | : NO. 19-2387 |
| THE SCHOOL DISTRICT OF PHILADELPHIA, DR. WILLIAM HITE, JOSEPH GREENBURG ELEMENTARY SCHOOL, GINA HUBBARD. | : |

# MEMORANDUM

**KEARNEY, J.**  December 11, 2019

Prince R. Ellis, a man of Jamaican and European descent, worked for the Philadelphia School District for less than three weeks before the School District terminated his employment. Long after the time permitted to sue after a right-to-sue letter, he now *pro se* claims the District discriminated against him based on his race, color, religion, gender, and national origin. But we cannot address the merits of his claim without proper service. Given his *pro se* status, we already afforded him two opportunities to properly effect service. He did not do so. Defendants moved to dismiss. Mr. Ellis chose not to oppose or seek another extension. Absent service, we cannot proceed and must grant the motion to dismiss without prejudice.

## I. Background

On August 30, 2016, Mr. Ellis began working as a teacher's assistant for special needs students at the Joseph Greenberg Elementary School.[1] His daily tasks included aiding course curriculum, "chaperoning the students from the school bus or points of transportation," monitoring students to ensure their safety, and "reporting any possible risks to the homeroom teachers, appointed staff, or principal."[2]

Less than a month into Mr. Ellis' employment, the Elementary School's Principal Gina Hubbard fired him.³ She explained:

> Pursuant to the Probationary Employee language in Article XI, Section D of the bargaining agreement between the School District of Philadelphia and the Philadelphia Federation of Teachers, your employment is terminated effective September 27, 2016.⁴

She cited a portion of the bargaining agreement:

> Newly appointed employees shall serve a probationary period of forty-five workdays form their dates of appointment. During this probationary period, an employee who has been absent for any reason (with the exception of work related injuries) on three or more occasions, or has had two or more occasions of unsatisfactory work performance, or has had any documented unsatisfactory incident, may be transferred or terminated at the discretion of the Superintendent and/or CEO without recourse to the grievance procedure.⁵

Principal Hubbard based her firing decision on "unsatisfactory performance as autistic support 1:1."⁶

In the days following his firing, Mr. Ellis went to the School District's headquarters to discuss the decision with School District Superintendent Dr. William Hite.⁷ Dr. Hite did not meet with Mr. Ellis.⁸ But Deputy Andrew Rosen met with Mr. Ellis and affirmed Mr. Ellis' termination.⁹ Deputy Rosen confirmed Mr. Ellis' termination in an October 31, 2016 letter.¹⁰

In February 2017, Mr. Ellis filed a claim with the Equal Employment Opportunity Commission claiming the School District discriminated against him based on his race and national origin.¹¹ The EEOC issued a right to sue letter in April 2017.¹² Mr. Ellis filed a claim with the Pennsylvania Human Relations Commission in April 2017.¹³

Well over two years after the EEOC issued the right to sue letter, Mr. Ellis filed this case *pro se* on May 31, 2019.¹⁴ Mr. Ellis sued the School District, Superintendent Hite, the Elementary School, and Principal Hubbard for employment discrimination under Title VII, the Americans with

Disabilities Act, and the Pennsylvania Human Relations Act.[15] He seeks reinstatement, accommodations, and promotions.[16]

On June 14, 2019, Mr. Ellis sent summonses by certified mail to Superintendent Hite and Principal Hubbard, but the summonses returned unexecuted on July 12, 2019.[17] On August 12, 2019, our Deputy Clerk sent Mr. Ellis a letter confirming "service of the complaint has not been made on the defendants in the above-captioned action."[18] Our Deputy Clerk advised:

> [S]ervice must be made by September 5, 2019, in accordance with Rule 4(j) of the Federal Rules of Civil Procedure, and proof of service must be filed with the Clerk's Office within five days of service. If service is not made within the time set forth above, the court will dismiss the complaint without prejudice for lack of prosecution.[19]

The next day on August 13, 2019, Mr. Ellis went to the School District's headquarters to personally serve summons on Lisa Nicas, the legal secretary of the School District's Office of General Counsel.[20] But Mr. Ellis did not serve Ms. Nicas with his complaint.[21] Ms. Nicas accepted service on behalf of the School District only but "was unaware that under the Federal Rule of Civil Procedure Plaintiff cannot serve his own summons."[22] Mr. Ellis named himself as the process server on the summons served on Ms. Nicas.[23]

The same day, Mr. Ellis went to the Elementary School to serve Principal Hubbard.[24] Mr. Ellis served Principal Hubbard with a summons but again failed to attach the complaint.[25] Principal Hubbard did not sign for or accept the summons and returned the summons to Mr. Ellis.[26] Mr. Ellis named himself as the process server.[27]

On September 3, 2019, the School District and Principal Hubbard moved to dismiss the complaint for improper service under Federal Rule of Civil Procedure 12(b)(5).[28] As of September 5, 2019, Mr. Ellis had not attempted service of summons on either Superintendent Hite or the Elementary School.[29] On September 11, 2019, we issued an Order directing Mr. Ellis to show

3

cause why we should not dismiss Superintendent Hite and the Elementary School for failure to prosecute.[30] Two days later on September 13, 2019, Mr. Ellis filed a Praecipe to issue alias summons for all Defendants where he acknowledged the insufficiency of his previous service attempts on the School District and Principal Hubbard and stated his plan to now use a process server to effect proper service.[31]

Still without proof of service on September 30, 2019, we granted the School District's and Principal Hubbard's Motion to dismiss. We reasoned Mr. Ellis failed to serve the School District and Principal Hubbard consistent with Federal Rule of Civil Procedure 4(c) because he personally (rather than a disinterested third-party) served summons and because he failed to provide a copy of his complaint during service.[32] We also found Mr. Ellis failed to serve Superintendent Hite or the Elementary School within ninety-days as required by Federal Rule of Civil Procedure 4(m).[33] We did not dismiss his case but allowed Mr. Ellis "an opportunity to serve the summons and complaint as to a Defendant he wishes to pursue for recovery no later than October 25, 2019."[34] We explained: "absent timely service, we will dismiss an unserved party for failure to prosecute."[35]

On October 30, 2019, Mr. Ellis filed a Motion of distress for failing to perform timely service representing three personal events including the death of a cousin, missing father, and admission to the hospital and seeking an extension of time to complete service.[36] Mr. Ellis acknowledged he had "a process server that is serving the papers."[37] Based on his representations, we granted "an extension to serve the summons and complaint as to a Defendant he wishes to pursue for recovery no later than November 15, 2019."[38] Our Order again directed "absent timely service by November 15, 2019, we will dismiss unserved parties for failure to prosecute."[39]

On October 31, 2019, process server Heaven Sent Legal Services, on behalf of Mr. Ellis, appeared at the Elementary School to effectuate service. Heaven Sent served Principal Hubbard

4

with "summons in a civil action, motion and exhibit visitor pass."[40] Heaven Sent filed an Affidavit of Service as to Principal Hubbard.[41] The Affidavit states process "[t]o be served upon: Joseph Greenburg (sic) Elementary School" and the recipient of process as "Gina Y. Hubbard Principal."[42]

The next day, Heaven Sent appeared at the School District's office to serve Defendants on behalf of Mr. Ellis.[43] Heaven Sent served Paralegal Tracey Dopson with "summons in a civil action, motion and exhibit visitor pass."[44] Paralegal Dopson is authorized to accept service for the School District.[45] Heaven Sent filed an Affidavit of Service as to the School District.[46] The Affidavit of Service states "[t]o be served upon: The School District of Philadelphia" and the recipient as "Tracy Dopson, Dr. William R. Hite, Jr. School District Superintendent."[47]

As of December 9, 2019, Heaven Sent has not filed an Affidavit of Service as to Joseph Greenburg Elementary School or Superintendent Hite.

## II. Analysis

Principal Hubbard and the School District move to dismiss Mr. Ellis' complaint claiming insufficient service of process. They argue Mr. Ellis fails to meet Federal Rule of Civil Procedure 4 because his process server did not provide a copy of the complaint during service. Principal Hubbard and the School District also move to dismiss Mr. Ellis' claims against Superintendent Hite and the Elementary School arguing Mr. Ellis failed to even attempt timely service against these two defendants. We grant the Motion and dismiss Mr. Ellis' complaint.

### A. Mr. Ellis failed to properly serve Principal Hubbard and the School District under Federal Rule of Civil Procedure 4(c).

The School District and Principal Hubbard argue Mr. Ellis' second attempted service is ineffective because Mr. Ellis' process server failed to serve either of them with a copy of the complaint. The procedural requirement of service must be satisfied before we can exercise

5

personal jurisdiction over a defendant.[48] If a plaintiff fails to properly serve the defendants, no personal jurisdiction exists, "and the case may not proceed against them."[49]

Federal Rule of Civil Procedure 4 governs service of process. To perform service, "[a] summons must be served with a copy of the complaint."[50] "The Plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."[51]

Mr. Ellis's October 31st and November 1st service attempts fail to meet Rule 4 because his process server did not serve Principal Hubbard and the School District with a copy of his complaint.[52] While we "grant *pro se* litigants some degree of leniency," *pro se* plaintiffs "must still comply with the same rules of procedure and the substantive law required by counseled parties."[53] Mr. Ellis, despite his *pro se* status, must comply with procedural requirements of service stated in Rule 4; namely, he must serve a copy of his complaint to each Defendant to perform service.[54] We cannot excuse the deficient service provided to Principal Hubbard or the School District. We must strike this service as improper.

Stricken service does not mean the complaint is necessarily dismissed. "Where service is not proper, [we have] broad discretion to dismiss the case or retain the case but quash service. When there is a 'reasonable prospect' . . . service may be obtained, dismissal of the complaint is 'inappropriate.'"[55]

We must consider whether Mr. Ellis demonstrates a "reasonable prospect" of performing proper service on Principal Hubbard or the School District. We look to Mr. Ellis' conduct so far in this litigation. In August 2019, Mr. Ellis personally appeared to serve Principal Hubbard and the School District. He only provided these Defendants with a copy of the summons. We struck this service because a party cannot personally perform service and because Mr. Ellis did not

6

provide a copy of the complaint. We explained in our September 30, 2019 Memorandum how Mr. Ellis could properly serve: by hiring a third-party to serve "the summons and complaint."[56] After our ruling, Mr. Ellis hired a third-party to serve but presumably did not provide the third-party with his complaint. We clearly explained how proper service is performed under Rule 4 in our September 30, 2019 Memorandum. We cannot see a "reasonable prospect" Mr. Ellis will perform proper service if given another opportunity. We dismiss his complaint against Principal Hubbard and the School District.

### B. Mr. Ellis failed to serve Superintendent Hite and the Elementary School within the time period permitted by Federal Rule of Civil Procedure 4(m).

The docket confirms Mr. Ellis has yet to serve Superintendent Hite and the Elementary School. Absent service, he may not proceed against them.

Federal Rule of Civil Procedure 4(m) requires the plaintiff effect service of process within ninety days of filing a complaint unless the Court extends the time for service.[57] Rule 4(m) reads in relevant part:

> *Time Limit for Service.* If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[58]

We twice ordered Mr. Ellis' service "be made within a specified time" beyond the ninety-day period announced in Rule 4(m). In our September 30, 2019 Order, we extended the deadline to serve to October 25, 2019. On October 30, 2019, after Mr. Ellis requested another extension, we granted another extension to November 15, 2019. It is now December and Mr. Ellis still has not served Superintendent Hite or the Elementary School. He failed to meet Rule 4(m) with respect to these Defendants.

7

But even if a plaintiff fails to timely serve a defendant under Rule(m), we may grant an extension of time for service. Our Court of Appeals created a two-step inquiry to determine whether granting an extension of time is proper: "[f]irst, the court must determine whether good cause exists for the failure to have effected service in a timely manner. If so, the extension must be granted. [If not,] the court still may grant the extension in the sound exercise of its discretion."[59]

In determining whether good cause exists for untimely service, we consider three factors: "(1) the reasonableness of plaintiff's efforts to serve; (2) whether the defendant is prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time to serve."[60] We see no good cause. Mr. Ellis has not acted reasonably in attempting service against Superintendent Hite or the Elementary School. Mr. Ellis began this case on May 31, 2019 and still has not served these defendants over six months later. We granted him two different extensions to effectuate service. We have no evidence he attempted service. He did not respond to Defendants' Motion to dismiss. He did not move for an enlargement of time. While we see minimal prejudice to Defendants, we cannot find good cause to grant yet another extension given Mr. Ellis' repeated inadequate efforts to prosecute his case.

If good cause does not exist, we may exercise our discretion to extend the time for service or dismiss the case without prejudice.[61] In deciding whether to extend the time for service or to dismiss without prejudice, our Court of Appeals instructs we consider: (1) defendants' actual notice of the legal action; (2) prejudice to the defendant; (3) if the applicable statute of limitations would bar a refiled action; (4) the conduct of the defendant; (5) whether the plaintiff is represented by counsel; and (6) any other additional factor that may be relevant.[62] We consider these factors and do not find a basis to grant Mr. Ellis another extension to perform service especially since he has not asked for one. We first note factors weighing in favor of granting an extension: it is likely

8

defendants have notice of the action; they would suffer minimal prejudice if we allowed service; and, most significantly, Mr. Ellis is *pro se*. Other suggested factors though heavily weigh against extension: Mr. Ellis' claims as asserted in this claim are likely time barred and the Defendants have not obstructed service efforts. But our Court of Appeals directs us to consider any other relevant factor. The most relevant and compelling factor is Mr. Ellis' failure to attempt service after we granted him a number of extensions. Even considering Mr. Ellis' *pro se* status and other factors weighing in favor of an extension, we decline to offer Mr. Ellis another opportunity to effectuate service under Rule 4.

## III. Conclusion

Mr. Ellis failed to serve Principal Hubbard and the School District consistent with Rule 4(c) because he again failed to serve a copy of his complaint. We explained in our September 30, 2019 Memorandum service without a complaint fails Rule 4(c). Mr. Ellis failed to attempt service on Superintendent Hite or the Elementary School despite affording him multiple extensions to do so. We see no grounds to extend the time for service again. We dismiss Mr. Ellis' complaint without prejudice.

---

[1] ECF Doc. No. 1 at p. 10.

[2] *Id.*

[3] *Id.* at p. 6.

[4] *Id.* at p. 40.

[5] *Id.*

[6] *Id.* at p. 37. The School District also explained the basis of the firing decision: "failure to assist the student(s) to which you were assigned; failure to redirect student(s) with unacceptable behavior; and making inappropriate statements with an elevated tone in the company of students." *Id.* at p. 40.

[7] *Id.* at p. 13.

[8] *Id.*

[9] *Id.*

[10] *Id.* at p. 39.

[11] *Id.* at p. 30.

[12] *Id.* at p. 6.

[13] *Id.* at pp. 32-34.

[14] *See generally id.*

[15] *Id.* at p. 1.

[16] *Id.* at p. 9.

[17] ECF Doc. No. 8 at pp. 1-5.

[18] ECF Doc. No. 10 at p. 1.

[19] *Id.*

[20] ECF Doc. No. 11 at p. 1; *see also* ECF Doc. No. 12-1 at p. 1-2.

[21] ECF Doc. No. 12-1 at p. 2.

[22] *Id.* at p. 3.

[23] ECF Doc. No. 11 at p. 1.

[24] ECF Doc. No. 12-2 at p. 2.

[25] *Id.*

[26] *Id.*

[27] ECF Doc. No. 11 at p. 2.

[28] *Id.*

[29] ECF Doc. No. 13.

[30] ECF Doc. No. 13 at p. 1.

[31] ECF Doc. No. 14 at p. 1.

[32] ECF Doc. No. 15.

[33] *Id.*

[34] ECF Doc. No. 16.

[35] *Id.*

[36] ECF Doc. No. 17.

[37] *Id.*

[38] ECF Doc. No. 18.

[39] *Id.*

[40] ECF Doc. No. 19.

[41] *Id.*

[42] *Id.*

[43] ECF Doc. No. 20.

[44] *Id.*

[45] *See* ECF Doc. No. 21, Ex. E.

[46] ECF Doc. No. 20.

[47] *Id.*

[48] *Omni Capital International v. Rudolf Wolff & Company, Ltd.*, 484 U.S. 97, 104 (1987).

[49] *Muhammad v. Pennsylvania Department of Education*, No. 18-2647, 2019 WL 1552567, at *3 (E.D. Pa. Apr. 10, 2019) (citing *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991)).

[50] Fed. R. Civ. P. 4(c)(1).

[51] *Id.*

[52] ECF Doc. No. 19; ECF Doc. No. 20.

[53] *Muhammad*, 2019 WL 1552567, at *3 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

[54] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (explaining *pro se* litigants "still must serve process on the correct defendants").

[55] *Muhammad*, 2019 WL 1552567, at *3. (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).

[56] ECF Doc. No. 16.

[57] Fed. R. Civ. P. 4(m).

[58] *Id.*

[59] *McCurdy v. American Board of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998); *see also Muhammad*, 2019 WL 1552567, at *4; *Robinson v. Philip Morris USA, Inc.*, No. 18-1743, 2019 WL 1787637, at *6 (E.D. Pa. Apr. 23, 2019).

[60] *Muhammad*, 2019 WL 1552567, at *5; *see also Bailey v. Harleysville National Bank and Trust Company*, No. 04-1541, 2005 WL 174843, at *1 (E.D. Pa. Jan. 26, 2005).

[61] *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997).

[62] *Chiang v. United States Small Bus. Admin.*, 331 F. Appx. 113, 116 (3d Cir. 2009).